CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 27 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:98-cr-00007 |
| v. | § 2255 MEMORANDUM OPINION |
| DEDRIC LEE WILEY, Petitioner. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Petitioner Dedric Lee Wiley, a federal inmate proceeding pro se, submitted a motion for reconsideration of the order dismissing his motion for immediate release from his criminal judgment. After reviewing the motion, I conclude that it is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating subject matter of motion determines its status, not its caption).

When a prisoner files a Rule 60(b) motion in a closed case seeking relief from the court's judgment after the prisoner already filed a § 2255 motion, the Rule 60(b) motion may be filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon, 523 U.S. at 553). A Rule 60(b) motion that seeks to add a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive habeas request. See id. at 532; United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003). Furthermore, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F. 3d at 207. To allow prisoners to bring new habeas claims in a Rule 60(b) motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by a court of appeals. Gonzales, 545 U.S. at 531-32. Cf. Winestock, 340 F. 3d at 207 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.")

I entered petitioner's criminal judgment for being a felon in possession of a firearm and using it during a bank robbery. Petitioner subsequently filed a motion to vacate, pursuant to 28 U.S.C. § 2255 and Castro v. United States, 540 U.S. 375 (2003), which I denied as untimely filed. In the instant motion, petitioner argues that his conviction should be vacated and he be immediately released pursuant to Audita Querela and the double jeopardy clause because he received multiple special assessments. Clearly, the claims petitioner raises in his current motion fall squarely within the class of claims that may be construed as "successive" § 2255 claims. To pursue such claims, he must first obtain certification from the Fourth Circuit to file a successive § 2255 motion. As he does not present any such certification with his current petition, it must be dismissed as a successive § 2255 motion. Based upon the court's finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 27th day of June, 2011.

Senior United States District Judge