CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 7 2020
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 7:98cr00007 |
| v. | **MEMORANDUM OPINION** |
| DEDRIC LEE WILEY, | By: Hon. Jackson L. Kiser |
| Petitioner. | Senior United States District Judge |

Petitioner Dedric Lee Wiley ("Petitioner"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 ("the petition"). Following several stays in light of relevant issues being considered by higher courts, the government responded and moved to dismiss the petition. This matter is now ripe for disposition. For the reasons stated herein, the petition will be dismissed.

I.

On January 21, 1998, Petitioner was charged in a three-count indictment, stemming from the December 12, 1997, robbery of South West Virginia Savings Bank. [ECF No. 9.] Count One charged Petitioner with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Count Two charged him with possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Count Three charged him with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Pursuant to a written plea agreement, Petitioner entered a guilty plea to all three counts. [ECF No. 14.] Wiley was sentenced to 340 months (100 months on Counts One and Two, to run concurrently, and 240 months on Count Three, to run consecutively). Petitioner's sentences on Counts One and Two were later reduced to 70 months, to run concurrently.

His sentence on Count Three, which was the mandatory term of incarceration at that time, was unchanged.

Following several unsuccessful motions to vacate his sentence, on July 7, 2016, the Fourth Circuit Court of Appeals issued Petitioner an authorization to file a second or successive 28 U.S.C. § 2255 motion. [ECF No. 52.] In its authorization, the Fourth Circuit stated: "We conclude . . . that Wiley has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551(2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to the determination of his offense level under U.S. Sentencing Guidelines Manual, § 2K2.1(1)." In re: Dedric Lee Wiley, No. 16-9645 (4th Cir. July 7, 2016) [ECF No. 52].) Petitioner thereafter filed the present petition. Following several stays, the matter is now ripe for disposition.

## II.

To state a viable claim for relief under 28 U.S.C. § 2255, a petitioner must prove that: (1) his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2019). A petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III.

At the time of Petitioner's indictment, Section 924(c)(1) of Title 18 of the United States Code stated, "Whoever, during and in relation to a crime of violence or drug trafficking crime . . . , uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime," be subject to an increased sentence. 18 U.S.C. § 924(c)(1) (1997). That provision of the code defined a "crime of violence" as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, *involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" Id. § 924(c)(3) (1997). The italicized portion is commonly referred to as the "residual clause."

In Johnson, the Supreme Court examined 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" for purposes of increasing sentences under the Armed Career Criminal Act in part as "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" The italicized portion of the statute, also known as the "residual clause," was found to be unconstitutionally vague because it left grave uncertainty about how to estimate the risk posed by a crime, and also left uncertainty about how much risk it takes for a crime to qualify as a violent felony. Johnson, 135 S. Ct. at 2558. The Court concluded that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Id. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1264 (2016), the Court held that Johnson announced a new rule of constitutional law made retroactively applicable to cases on

collateral review. And on June 24, 2019, the Supreme Court invalidated the residual clause in 18 U.S.C. § 924(c)—which is relevant to Petitioner's sentence for Count Three—as similarly violative of the Due Process clause. United States v. Davis, 139 S. Ct. 2319 (2019).

Count Three of Petitioner's Indictment charged him with violating 18 U.S.C. § 924(c)(1). Under that statute, because Petitioner possessed a firearm while committing a "crime of violence," he was subject to the enhanced penalties set forth in that statute. Bank robbery, which was charged in Count One and to which Petitioner pleaded guilty, constitutes a crime of violence pursuant to 18 U.S.C. § 924(c)(3)(A), which is known as the "force clause," *not* the now-invalid "residual clause" found in § 924(c)(3)(B).

In 2016, the Fourth Circuit held: "[W]e are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'" United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016), cert. denied 137 S. Ct. 164 (2016). In light of McNeal, Petitioner's enhancement under § 924(c) is not invalidated, and his conviction and sentence are not subject to challenge in light of Johnson, Welch, or Davis. The petition must be dismissed.

## IV.

Because Petitioner's 924(c) enhancement did not rest on the residual clause, the sea change in the law wrought by Johnson does not afford him the relief he seeks. The government's motion to dismiss the petition will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

**ENTERED** this 7th day of May, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE